**HEATH & STICH, INC., Petitioner,**

v.

**Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor and the United States of America, Respondents.**

**No. 80–1927.**

United States Court of Appeals,
Fifth Circuit.

Unit A

April 2, 1981.

Law Offices of Allen & White, Frederick A. Douglas, Jr., San Antonio, Tex., for petitioner.

Baruch A. Fellner, U. S. Dept. of Labor, Allen H. Feldman, Washington, D. C., Benjamin R. Civiletti, Atty. Gen., U. S. Dept. of Justice, Washington, D. C., Anthony J. Steinmeyer, Al J. Daniel, Jr., Civ. Div., Dept. of Justice, Washington, D. C., for respondents.

Before GEE, RUBIN and RANDALL, Circuit Judges.

BY THE COURT:

The Court's opinion dated April 2, 1981 is withdrawn and the following is substituted:

The Secretary of Labor filed a complaint against Heath & Stich, Inc. on August 6, 1975, charging that firm with violating the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 et seq., on June 25, 1975. After an adverse determination by an Administrative Law Judge on August 27, 1976, Robert D. Moran, a commissioner on the Occupational Safety and Health Review Commission, directed that the case be reviewed by the Commission. That Commission took an unconscionable period, three years and nine months, to review and then affirm the ALJ's opinion. Heath & Stich mailed its notice of appeal from the Commission's decision timely, but it arrived at the office of the Clerk of Court one day late. The Secretary then filed a motion to dismiss the appeal. To extenuate the apparent anomaly of the dismissal of a matter almost four years under consideration because the mail arrived one day late, the Secretary correctly notes that the Commission's delay in ruling was not his fault.

The statute that determines and limits our jurisdiction requires that an appeal be "timely" filed, and mailing is not sufficient to constitute filing. 29 U.S.C. § 660(a). *See Lashley v. Ford Motor Co.,* 518 F.2d 749 (5th Cir. 1975); compare *In Matter of Bad Bubba Racing Products, Inc.,* 609 F.2d 815 (5th Cir. 1980). The regulations permitting service by mail apply only to notices governed by them and cannot alter the controlling statute.

We, therefore, have no alternative but to perform our duty and to dismiss the appeal. In doing so, we cannot refrain from noting that the OSHA Review Commission, while it may be independent, might respond to requests for action in cases that had been pending before it an undue amount of time, and that, whether it alone was torpid or whether others could have prompted it to bring matters to decision, the combination of a rigid statutory scheme with such protracted bureaucratic procedures, works a great injustice.