**James Elwood BUTCHER, Petitioner,**

v.

**BIG MOUNTAIN COAL, INC., and Benefits Review Board, United States Department of Labor, Respondents.**

No. 85–1709.

United States Court of Appeals, Fourth Circuit.

Argued June 4, 1986.

Decided Oct. 9, 1986.

Randy D. Hoover (Meadows, Crews, Hoover & Truman, Beckley, W.Va., on brief), for petitioner.

Anthony J. Cicconi (Bruce A. McDonald, George D. Blizzard, II, Shaffer & Shaffer, Madison, W.Va., on brief), for respondent.

Before RUSSELL, WIDENER and WILKINSON, Circuit Judges.

WIDENER, Circuit Judge:

James Elwood Butcher filed an application for black lung benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901, et seq., on April 9, 1976. On June 28, the administrative law judge held that Butcher was not totally disabled on pneumoconiosis arising out of coal mine employment and was not, therefore, entitled to black lung benefits. By a decision and order filed with the Clerk of the Board on May 16, 1985, the Benefits Review Board (BRB or Board) affirmed the administrative law judge's denial of benefits. On July 18, 1985, Butcher filed his Petition for Review with this court. Big Mountain Coal, Inc. subsequently moved this court to dismiss Butcher's petition as untimely.

Under 33 U.S.C. § 921(c), made applicable to the Black Lung Benefits Act by 30 U.S.C. § 932(a) (as amended), the BRB's final orders are reviewable "in the United States court of appeals for the circuit in which the injury occurred, by filing in such court *within sixty days* following the issuance of such Board order a written petition praying that the order be modified or set aside." (Emphasis added). Butcher concedes that he filed his petition for review with this court sixty-three days after the BRB filed its decision and order with the Clerk of the Board. Nevertheless, Butcher contends that his Petition for Review was not untimely filed because there is no documentary proof that the Clerk subsequently complied with all the elements of 20 C.F.R. § 802.403(b), as required by 20 C.F.R. § 802.410(a).[1] Section 802.403(b) provides:

The original of the decision shall be filed with the Clerk of the Board. A copy of the Board's decision shall be sent by certified mail or otherwise presented to all parties to the appeal and the Director. The record on appeal, together with a transcript of any oral proceedings, and briefs or other papers filed with the Board, and a copy of the decision shall be returned to the appropriate deputy commissioner for filing.

20 C.F.R. § 802.403(b) (1986).

In essence, Butcher contends that his Petition for Review is not untimely because there is no evidence that a copy of the Board's decision was served on all the parties, or that the record was ever returned to the appropriate deputy commissioner for filing. Thus, Butcher contends, the BRB's decision was never issued for purposes of the sixty-day appeal period. We disagree.

The U.S. Court of Appeals for the Second Circuit has rejected a similar argument in the same context. See *Pittston Stevedoring Corp. v. Dellaventura*, 544 F.2d 35, 42–44 (2d Cir.1976), *aff'd on other grounds*

---

1. 20 C.F.R. § 802.410(a) (1986) provides that Within 60 days after a decision by the Board has been filed pursuant to § 802.403(b), any party adversely affected or aggrieved by such decision may file a petition for review with the appropriate U.S. court of appeals pursuant to section 21(c) of the LHWCA.

*sub nom. Northeast Marine Terminal Co. v. Caputo,* 432 U.S. 249, 97 S.Ct. 522, 50 L.Ed.2d 607 (1977). Writing for the Second Circuit in *Dellaventura,* Judge Friendly stated:

> We see no reason not to read 33 U.S.C. § 921(c) as meaning what it says. The policy requiring that appeals be timely filed is so strong that ministerial failures by a clerk cannot be allowed to overcome it.

We concur with the rationale and holding of the court in *Dellaventura.* Consequently, we reject Butcher's arguments in this regard.

Accordingly, Butcher's Petition for Review is dismissed for lack of jurisdiction due to its untimely filing.[2]

PETITION FOR REVIEW DISMISSED.

---

2. Butcher had contended in his Petition for Review that there was no substantial evidence to support the BRB's finding that Butcher was not disabled by pneumoconiosis. Because we dismiss the Petition as untimely, we need not reach that question. Nevertheless, after briefing and oral argument, we note in passing that the appeal is without merit in any event.