**Vernoy D. BOLLING, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent.**

No. 86–3835.

United States Court of Appeals,
Sixth Circuit.

Submitted March 19, 1987.

Decided July 13, 1987.

Vernoy D. Bolling, pro se.

Richard Kirk West, Thomas L. Holzamn, Office of the Sol., U.S. Dept. of Labor, Michael J. Rutledge, Benefits Review Bd., U.S. Dept. of Labor, Washington, D.C., for respondent.

Before ENGEL and GUY, Circuit Judges and PECK, Senior Circuit Judge.

ORDER

According to Federal Rule of Appellate Procedure 41(a), a mandate in this appeal was entered April 15, 1987 upon the court's order filed March 24, 1987. 815 F.2d 701. After further consideration of this appeal, the court sua sponte withdraws that mandate and enters the following amended order.

Vernoy Bolling petitions for review of the order of the Benefits Review Board which denied petitioner's "application to re-open" the case. The Board's prior order had affirmed the finding of the administrative law judge that petitioner was not entitled to Black Lung benefits. Upon review of this appeal, the court concludes that jurisdiction is lacking.

The order of the Benefits Review Board affirming the administrative law judge's decision that petitioner was not entitled to Black Lung benefits was entered March 31, 1986. Judicial review of that order would have been secured by the filing of a petition for review with this court within sixty days of March 31, 1986, that is by May 30, 1986. 33 U.S.C. § 921(c). On May 21, 1986, the Benefits Review Board received a letter from petitioner dated May 13, 1986, in which he specifically requested that his case not be closed. The Benefits Review Board construed this letter as a motion to reconsider and denied the motion by order of July 25, 1986. On August 29, 1986, the Benefits Review Board forwarded petitioner's May 13, 1986 letter and another letter to this court, and the case was opened September 11, 1986.

We conclude that this court lacks jurisdiction because the petition for review was filed more than sixty days beyond the entry of the Board's order, and the sixty-day period was not tolled by petitioner's untimely motion for reconsideration before the Board. We do not dispute the holding in *Arch Mineral Corp. v. Director, Office of Workers' Compensation,* 798 F.2d 215,

219 (7th Cir.1986), that a petition for review pursuant to 33 U.S.C. § 921(c) is timely if filed within sixty days of the Board's denial of a timely motion for reconsideration. However, petitioner herein did not timely request Board reconsideration since his letter was dated May 13, 1986. 20 C.F.R. § 802.407 requires that a motion to reconsider be filed with the Benefits Review Board within ten days of the date of the order sought to be reviewed. To be timely, petitioner's letter should have been filed by April 14, 1986, ten days from entry of the Board's order excluding weekends. Because the motion to reconsider was not filed within the prescribed period, it did not toll the time for filing a petition for review in this court. Therefore, the petition for review should have been filed within sixty days of the entry of the Board's final order, that is by May 30, 1986, and the petition filed September 11 was untimely.

We reach the same conclusion even if the letter of May 13, 1986, is construed as a petition for review because that letter was filed with the Benefits Review Board. Rule 15(a), Federal Rules of Appellate Procedure, governing the review of agency orders, does not allow this court to accept the date that the letter/petition was received by the Board as the date for filing in this court. *Compare* Rule 4(a), Federal Rules of Appellate Procedure.

Accordingly, this appeal is dismissed for lack of jurisdiction and the clerk of the court shall reissue the mandate immediately following this order in lieu of the twenty-one day period prescribed by Rule 41(a), Federal Rules of Appellate Procedure.