856 F.2d 197
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James L. WOLVERTON, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 88-3046.
 United States Court of Appeals, Sixth Circuit.
 Aug. 16, 1988.
 
 Before ENGEL, Chief Judge, KEITH and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the court upon consideration of the respondent's motion to dismiss. Petitioner responded by letter dated March 28, 1988.
 
 
 2
 A review of the record and file indicates that the decision of the Benefits Review Board (Board) was filed August 21, 1987. By letter dated September 6, 1987, and received September 16, 1987, the petitioner sought "another hearing." The Board by letter dated January 7, 1988, advised the petitioner that his September 6, 1987, letter requesting to appeal must be filed with a United States Court of Appeals. On January 19, 1988, petitioner filed in this court a petition for review which was docketed as appeal number 88-3046. By order of February 18, 1988, the Board advised that it determined that petitioner's September 6, 1987, letter was a request for reconsideration by the Board rather than a request to appeal. The motion for reconsideration was denied by order of May 27, 1988, and in that order the Board advised the petitioner that he may file an appeal with this court within sixty days.
 
 
 3
 The filing of a motion to reconsider a Board's order within the time provided by 20 C.F.R. Sec. 802.407 tolls the time for filing a petition for review and the time runs anew from the date of the order denying the motion to reconsider. 20 C.F.R. Sec. 802.406; Bolling v. Director, Office of Workers' Compensation Programs, 823 F.2d 165, 166 (6th Cir.1987) (order). Bolling applied a ten day period for filing a motion for reconsideration, but 20 C.F.R. Sec. 802.407 has since been revised to allow thirty days for filing a motion for reconsideration. Petitioner's September 6 letter requesting reconsideration of the Board's August 21, 1987, decision was received by the Board on September 16, 1987. Petitioner was advised in the Board's May 27, 1988, order denying reconsideration that 20 C.F.R. Sec. 802.406 required that any appeal be filed within sixty days of the order.
 
 
 4
 Even if the petitioner's September 6 letter had not subsequently been treated as a motion for reconsideration, this court would still lack jurisdiction in this appeal. Fed.R.App.P. 15(a) governing review of agency orders does not allow a court of appeals to accept the date that a letter or petition for review was received by the Board as the date of filing in the court. The petition must be received by the clerk of the court of appeals within sixty days after entry of the Board's decision for the petition for review to be timely as prescribed by 33 U.S.C. Sec. 921(c). Danko v. Director, Office of Workers' Compensation Programs, 846 F.2d 366 (6th Cir.1988) (per curiam); Bolling, 823 F.2d at 166. Petitioner's petition for review docketed as appeal number 88-3046 was filed almost five months after the filing of the Board's decision.
 
 
 5
 It is ORDERED that the motion to dismiss be granted and the appeal be dismissed. Rule 8, Rules of the Sixth Circuit.