Ruel E. BROWN, Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent.

No. 87-7358.

United States Court of Appeals, Eleventh Circuit.

Jan. 25, 1989.

Orzell Billingsley, Jr., Connie Parson, Birmingham, Ala., for petitioner.

Stephen Ackerman, Thomas Holzman, U.S. Dept. of Labor, Office of the Solicitor, Washington, D.C., for respondent.

Before HATCHETT and COX, Circuit Judges, and GIBSON *, Senior Circuit Judge:

## ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING IN BANC

COX, Circuit Judge:

On petition for rehearing, the court withdraws its previous opinion dated August 15, 1988, and substitutes the following opinion. No member of this panel nor other judge in regular active service having requested that the court be polled on rehearing *en banc*, the suggestion for *en banc* consideration is DENIED.

■ Ruel Brown appeals pursuant to 33 U.S.C. § 921(c) (1986) a decision of the Benefits Review Board denying his application for benefits under the Black Lung Benefits Act, as amended, 30 U.S.C. § 901 *et seq.* (1986)[1]. The opinion of the Board affirming the Decision and Order of the Administrative Law Judge was issued on March 27, 1987. Brown's petition appealing the decision of the Board was mailed from Birmingham, Alabama, on May 19, 1987, and received by the Clerk of this court in Atlanta, Georgia, on May 27, 1987, sixty-one

days after the decision of the Board was issued. We raised *sua sponte* the issue whether this court had jurisdiction to review the Board's decision since the petition appealing the decision was filed one day after the expiration of the sixty-day period provided in section 921(c), and the Director has since filed a motion to dismiss the appeal for lack of subject-matter jurisdiction. Acknowledging that his petition was not timely filed,[2] Brown asks us to hold that the running of the sixty-day filing period was equitably tolled on the day he mailed his petition, since it was unforeseeable that it would take eight days for his petition to travel *via* United States mail from Birmingham, Alabama, to Atlanta, Georgia. We hold, instead, that section 921(c) limits the subject-matter jurisdiction of this court to review of petitions filed within sixty days of the issuance of the Board's order, and that principles of equitable tolling do not apply to suspend the running of the sixty-day filing period. Accordingly, we grant the Director's motion to dismiss Brown's appeal for lack of jurisdiction.

This court is, of course, a court of limited jurisdiction, which jurisdiction can be exercised only within the restrictions of the statute conferring jurisdiction. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 371–72, 98 S.Ct. 2396, 2401–02, 57 L.Ed.2d 274 (1978); *Delta Coal Program v. Libman*, 743 F.2d 852, 854 (11th Cir.1984) ("... we acknowledge at the outset that federal courts are courts of limited jurisdiction. Where, as here, they exercise their

* Honorable Floyd R. Gibson, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

1. Section 921(c) is incorporated into the Black Lung Benefits Act by 30 U.S.C. § 932(a) (1986). Section 921(c) reads, in pertinent part:
   Any person adversely affected or aggrieved by a final order of the Board may obtain a review of that order in the United States Court of Appeals for the circuit in which the injury occurred, by filing in such court within sixty days following the issuance of such Board order a written petition praying that the order be modified or set aside. A copy of such petition shall be forthwith transmitted by the

clerk of the court, to the Board, and to the other parties, and thereupon the Board shall file in the court the record in the proceedings as provided in section 2112 of Title 28. Upon such filing, the court shall have jurisdiction of the proceeding and shall have the power to give a decree affirming, modifying, or setting aside, in whole or in part, the order of the Board and enforcing same to the extent that such order is affirmed or modified.

2. Brown acknowledges the provision of Fed.R. App.P. 25(a) that "filing shall not be timely unless the papers are received by the clerk within the time fixed for filing...."

decision-making power by virtue of special jurisdictional statutes, they must take care to exercise that power only within the limits established by Congress.") From this axiom follows the corollary applicable to this case that without section 921(c) we would be powerless to review Brown's petition.[3] We are constrained, therefore, to exercise our power of judicial review within the parameters of the statute which confers that power upon us.

The proposition that we may exercise our power of judicial review only within the parameters of section 921(c) assumes, of course, that the sixty-day filing period is, in fact, jurisdictional in nature. In *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), the Supreme Court held that the requirement of 42 U.S.C. § 2000e–5(e) (1981) that a Title VII suit in district court be preceded by the timely filing of an E.E.O.C. charge was not a prerequisite to the district court's subject-matter jurisdiction to adjudicate Title VII claims. The Court reached this conclusion by analyzing the structure of the statutory provisions requiring the filing of an E.E.O.C. charge and conferring jurisdiction upon the district courts,[4] the legislative history of the provisions at issue, and the reasoning of cases discussing the same or similar requirements. This approach supports the result we reach today. Section 921(c) itself uses the word "jurisdiction" to describe the status of this court once the Benefits Review Board's record has been filed with the clerk. Construing all of the requirements of section 921(c) together, it is clear that the filing of a petition for review within sixty days of the issuance of the Board's decision triggers a series of events (transmittal of a copy of the petition to the Board and the Board's filing of the record in the court of appeals) which ultimately results in this court's having "jurisdiction of the proceeding" and "the power to give a decree affirming, modifying, or setting aside, in whole or in part, the order of the Board and enforcing same to the extent that such order is affirmed or modified."

Unfortunately, the legislative history of section 921(c) offers no guidance, but a substantial body of jurisprudence interpreting the timely filing requirements of similarly-worded statutes supports our conclusion. *See e.g. Bragg v. Keohane*, 820 F.2d 402, 404 (Fed.Cir.1987) (holding that the timely filing requirement of 5 U.S.C. § 7703(b)(1) (1980) is jurisdictional); *Kentucky Utilities Co. v. F.E.R.C.*, 789 F.2d 1210, 1214–15 (6th Cir.1986) (construing the timely filing requirement of 16 U.S.C. § 825*l*(b) (1985) as jurisdictional); *National Black Media Coalition v. F.C.C.*, 760 F.2d 1297, 1298 (D.C.Cir.1985) (holding that the timely filing requirement of 47 U.S.C. § 402(c) (1982) is jurisdictional); *Heath & Stich, Inc. v. Donovan*, 641 F.2d 338 (5th Cir. Unit A 1981) (holding that the timely filing requirement of 29 U.S.C. § 660(a) (1985) is jurisdictional); *Chem–Haulers, Inc. v. United States*, 536 F.2d 610, 613–14 (5th Cir.1976) (holding that the timely filing requirement of 28 U.S.C. § 2344 (1978) is jurisdictional). While the language chosen by Congress to denote a jurisdictional limitation in section 921(c) could have been more explicit,[5] courts have found that stat-

---

3. Brown does not rely upon any other statute as conferring jurisdiction upon this court to review his petition. Neither does Brown challenge Congress' power to determine the jurisdictional forum in which claims arising solely under federal statutes shall be heard.

4. The Court in *Zipes* found it significant that the statutory provision under Title VII requiring the filing of an E.E.O.C. charge was separate from the provision conferring upon the district courts subject-matter jurisdiction in Title VII suits.

5. For, example, 28 U.S.C. § 2342 (1978) provides:

§ 2342. Jurisdiction of court of appeals

The court of appeals has *exclusive jurisdiction* to enjoin, set aside, suspend (in whole or in part), or to determine the validity of—

(1) all final orders of the Federal Communications Commission made reviewable by section 402(a) of title 47;

(2) all final orders of the Secretary of Agriculture made under chapters 9 and 20A of title 7, except orders issued under sections 210(e), 217a, and 499g(a) of title 7;

(3) such final orders of the Federal Maritime Commission or the Maritime Administration entered under chapters 23 and 23A of title 46 as are subject to judicial review under section 830 of title 46;

utory timely filing requirements are jurisdictional in cases in which the word "jurisdiction" did not even appear in the statute. *See e.g. Nocon v. I.N.S.*, 789 F.2d 1028, 1033 (3d Cir.1986) (holding that timely filing under 8 U.S.C. § 1105a (1970) is a jurisdictional prerequisite); *Tiger International, Inc. v. Civil Aeronautics Board*, 554 F.2d 926 (9th Cir.1977) (interpreting 49 U.S.C. § 1486(a) (1976)). Moreover, Congress has demonstrated the ability to draft explicit statutes of limitation, *see e.g. Ott v. Midland–Ross Corp.*, 523 F.2d 1367 (6th Cir.1975) (interpreting 29 U.S.C. § 626(e)(2) (1985), which contains an explicit provision for the tolling of the time for filing a judicial action under the Age Discrimination in Employment Act while the E.E.O.C. pursues voluntary compliance), and has also demonstrated the ability to provide for extensions of time to seek judicial review in statutes which contain jurisdictional timely filing requirements. *See e.g.* 49 U.S.C. § 1486(a) (1976); 28 U.S.C. § 2101(c) (1982). Hence, we cannot fairly assume that section 921(c) and other similarly-worded statutes were drafted inadvertently, or that Congress intended the 60–day filing period to be in the nature of a statute of limitations when it uses the word "jurisdiction" in the statute.

Also informing our decision is the fact that the timely filing requirement under consideration is contained in a statute, not a rule of court. Statutory time limits are generally regarded as jurisdictional, *see Schacht v. United States*, 398 U.S. 58, 63–64, 90 S.Ct. 1555, 1559–1560, 26 L.Ed.2d 44 (1970), and *Tiger International, supra,*

whereas time limitations contained in rules of court are generally subject to principles such as waiver and estoppel.[6] Consistent with this principle is the proscription of Fed.R.App.P. 26(b) that "the court [may not] enlarge the time prescribed by law for filing a petition to enjoin, set aside, suspend, modify, enforce or otherwise review, or a notice of appeal from, an order of an administrative agency, board, commission or office of the United States, except as specifically authorized by law." This appellate rule has been cited as a basis for numerous decisions holding that statutory time limitations are jurisdictional in nature. *See National Black Media Coalition*, 760 F.2d at 1298; *B.J. McAdams, Inc. v. I.C.C.*, 551 F.2d 1112, 1114 (8th Cir.1977); *Chem–Haulers*, 536 F.2d at 613–14.

■ The principal reason underlying decisions which hold that statutory periods of limitation are jurisdictional was enunciated by the Supreme Court in *Matton Steamboat Company v. Murphy*, 319 U.S. 412, 415, 63 S.Ct. 1126, 1128, 87 L.Ed. 1483 (1943):

> The purpose of statutes limiting the period for appeal [of a state court judgment under 28 U.S.C. § 344(a) (1986) ] is to set a definite point of time when litigation shall be at an end, unless within that time the prescribed application has been made; and if it has not, to advise prospective appellees that they are freed of the appellant's demands.

In the specific context of direct appeals from decisions of administrative agencies,

---

(4) all final orders of the Atomic Energy Commission made reviewable by section 2239 of title 42; and
   (5) all rules, regulations, or final orders by the Interstate Commerce Commission made reviewable by section 2321 of this title. *Jurisdiction is invoked* by filing a petition as provided by section 2344 of this title. (emphasis supplied).

**6.** Justice Harlan's concurrence in *Schacht*, 398 U.S. at 68, 90 S.Ct. at 1561, is especially instructive on this point:
   Nor do I find it at all anomalous that this Court on occasion waives the time limitations imposed by its own Rules and yet treats time requirements imposed by statute as jurisdictional. As a matter of statutory interpreta-

tion, the Court has not presumed the right to extend time limits specified in statute where there is no indication of a congressional purpose to authorize the court to do so. Because we cannot "waive" congressional enactments, the statutory time limits are regarded as jurisdictional. On the other hand, for the time requirement of Rule 22(2), established under a broad statutory delegation, it is appropriate to apply the "general principle" that "[i]t is always within the discretion of a court or an administrative agency to relax or modify its procedural rules adopted for the orderly transaction of business before it when in a given case the ends of justice require it." (citations omitted).

the time limitation "serves the important purpose of imparting finality into the administrative process, thereby conserving administrative resources and protecting the reliance interests of regulatees who conform their conduct to the regulations." *National Resources Defense Council v. N.R.C.*, 666 F.2d 595, 602 (D.C. Cir.1981). Jurisdictional limitations and the policies which they embody must be honored even in the face of apparent injustice or an administrative agency's obvious misapplication or violation of substantive law. *See National Black Media Coalition*, 760 F.2d at 1300; *Heath & Stich, Inc. v. Donovan*, 641 F.2d at 338. Once a jurisdictional boundary is crossed, "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex Parte McCardle*, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1869).[7]

Finally, we note that our decision today places us in line with the four other circuits which have refused to apply the doctrine of equitable tolling to the filing period under section 921(c). *See Bolling v. Director, OWCP*, 823 F.2d 165 (6th Cir.1987); *Butcher v. Big Mountain Coal, Inc.*, 802 F.2d 1506 (4th Cir.1986); *Clay v. Director, OWCP*, 748 F.2d 501 (8th Cir.1984); *Pittston Stevedoring v. Dellaventura*, 544 F.2d 35 (2d Cir.1976), *aff'd. on other grounds sub nom., Northeast Marine Terminal Co. v. Caputo*, 432 U.S. 249, 97 S.Ct. 2348, 53 L.Ed.2d 320 (1977). It is also consistent with decisions rejecting arguments that equitable tolling principles should be applied to the 30–day filing period under 33 U.S.C. § 921(a) (1986).[8] *See Wellman v. Director, OWCP*, 706 F.2d 191 (6th Cir.1983); *Insurance Company of North America v. Gee*, 702 F.2d 411 (2d Cir.1983)

For the reasons cited in this opinion, the Director's motion to dismiss in GRANTED,

and Brown's appeal is DISMISSED for lack of jurisdiction.

---

7. We note in passing that Brown does not contend that the 60–day period of section 921(c) is unfairly short on its face.

8. Section 921(a) provides, in pertinent part:
A compensation order shall become effective when filed in the office of the deputy commissioner ... and, unless proceedings for the suspension or setting aside of such order are instituted [within 30 days of filing of the order], shall become final at the expiration of the thirtieth day thereafter.