**Helen COOLEY, Widow of James Cooley, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent.**

No. 89–7649.

United States Court of Appeals, Eleventh Circuit.

Jan. 31, 1990.

Orzell Billingsley, Jr., Bessemer, Ala., for petitioner.

Linda M. Meekins, Clerk, Benefits Review Bd., Paul L. Frieden, Office of the Sol., U.S. Dept. of Labor, Washington, D.C., for respondent.

Before FAY, KRAVITCH and COX, Circuit Judges.

BY THE COURT:

Helen Cooley petitions this court for review of the Benefit Review Board's denial of her claim for benefits under the Black Lung Benefits Act. 30 U.S.C. §§ 901–04 (1982 & Supp. III 1985). We dismiss the petition for lack of jurisdiction.

Petitioner's protracted efforts to seek Black Lung Benefits began with the filing of a claim by her husband, James Cooley, on February 5, 1982. On August 11, 1987, more than four years after the death of James Cooley, an administrative law judge (ALJ) issued a decision and order denying benefits. Petitioner then appealed this decision to the Benefits Review Board of the United States Department of Labor (the Board). On January 19, 1989, the Board affirmed the decision of the ALJ. Petitioner, pro se, filed a timely motion for reconsideration which was denied on April 24, 1989.

On June 8, 1989, petitioner (again proceeding pro se) sought review of the Board's April 24 decision by writing a letter which concluded with the statement "Upon these grounds I am Petitioning a Review with the United States Court of Appeal [sic]." Unfortunately, petitioner's letter was addressed and mailed to the Board rather than the Eleventh Circuit Court of Appeals. Nearly a month later, and nine days after the sixty-day filing limit for review in the court of appeals had expired, the Board finally deigned to inform petitioner that she had filed her petition with the wrong adjudicatory body. The form letter sent to petitioner also provided the, by then, useless suggestion that she file her appeal within sixty days of April 24, 1989, the date the Board's decision was issued. Helen Cooley filed a petition for review with the clerk's office of the Eleventh Circuit Court of Appeals on August 28, 1989.

An individual seeking review of a final order of the Benefits Review Board must comply with section 21(c) of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C.A. § 921(c) (1986), in order to invoke the jurisdiction of this court. The relevant section of the statute is as follows:

(c) Court of appeals; *jurisdiction;* persons entitled to review; petition; record; determination and enforcement; service of process; stay of payments

Any person adversely affected or aggrieved by a final order of the Board may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred, by filing in such court within sixty days following the issuance of such Board order a written petition praying that the order be modified or set aside. A copy of such petition shall be forthwith transmitted by the clerk of the court, to the Board, and to the other parties, and thereupon the Board shall file in the court the record in the proceedings as provided in section 2112 of Title 28. *Upon such filing, the court shall have jurisdiction of the proceeding* and shall have the power to give a decree affirming, modifying, or setting aside, in whole or in part, the order of the Board....

*Id.* (emphasis added).

It is undisputed that petitioner did not comply with the rigid requirements of section 921(c) by filing a petition for review in this court within sixty days of the Board's

April 24, 1989 decision.[1] It is also clear that the Board's dilatory and indifferent response to petitioner's misfiled petition in large part deprived petitioner of an opportunity to correct her error and preserve her right of appeal.[2] The overwhelming body of law, however, has found that compliance with the section 921(c) requirement that a petition be filed in the proper appellate court is a necessary prerequisite for the invocation of the jurisdiction of that court. *Shendock v. Director, Office of Workers' Compensation Programs*, 893 F.2d 1458, 1463–64 (3d Cir.1990) (en banc); *Adkins v. Director, Office of Workers' Compensation Programs*, 889 F.2d 1360, 1361–63 (4th Cir.1989); *Mussatto v. Director, Office of Workers' Compensation Programs*, 855 F.2d 513, 514 (8th Cir.1988); *Danko v. Director, Office of Workers' Compensation Programs*, 846 F.2d 366, 369 (6th Cir.1988); *Bolling v. Director, Office of Workers' Compensation Programs*, 823 F.2d 165, 166 (6th Cir.1987); *see Brown v. Director, Office of Workers' Compensation Programs*, 864 F.2d 120, 122–23 (11th Cir.1989) (holding section 921(c) requirement that petition for review be filed within sixty days to be jurisdictional). Regrettably, "[e]quitable tolling or estoppel simply is not available when there are jurisdictional limitations." *Shendock*, at 1466. As we stated in *Brown*, "[j]urisdictional limitations and the policies which they embody must be honored even in the face of apparent injustice or an administrative agency's obvious misapplication or violation of substantive law." 864 F.2d at 124.

Until Congress decides to amend section 921(c) to permit appellate courts to weigh equitable considerations in determining whether a party has satisfied a jurisdictional limitation on the time for filing an action, we can only hope that administrative agencies will act with greater interest and vigilance in protecting a petitioner's right of appeal than was exhibited in this case.

The petition for review is DISMISSED for lack of jurisdiction.

1. We note that petitioner may still be able to file a petition for modification with the deputy commissioner in order to submit new evidence supporting her claim. *See* 33 U.S.C. § 922 (permitting deputy commissioner to reconsider denial of benefits within one year of denial upon allegations of a change in conditions or a mistake in a determination of fact).

2. Even the most perfunctory review of Helen Cooley's June 8, 1989, letter to the Board would have made it obvious that she had roughly two weeks to perfect her appeal within the § 921(c) sixty-day limitation. Aside from telephoning Mrs. Cooley or even just responding to her letter within a week, the Board also could have helped safeguard petitioner's right of review by forwarding the letter to the clerk of this court before the expiration of the sixty days. *See Danko v. Director, Office of Workers' Compensation Programs*, 846 F.2d 366, at 368–69; *see also Bolling v. Director, Office of Workers' Compensation Programs*, 823 F.2d 165, at 166 (suggesting that letter to Board seeking appellate review could be construed as proper petition for review if forwarded to appellate court within sixty day limit).