DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Petitioner,

v.

**Lucian HILEMAN, Respondent.**

No. 88–3842.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 12, 1990.

Decided March 12, 1990.

Jeffrey Jay Bernstein (argued), Counsel for Administrative Litigation and Legal Advice, United States Dept. of Labor, Washington, D.C., for petitioner.

Sherry Lee Wilson, Client Centered Legal Services of Southwest Virginia, Inc., for respondent.

Robert P. Davis, Solicitor of Labor, Donald S. Shire, Associate Solicitor, Barbara J. Johnson, Counsel for Appellate Litigation, U.S. Dept. of Labor, Washington, D.C., on brief, for petitioner.

Before CHAPMAN and WILKINS, Circuit Judges, and WILLIAMS, United States District Judge for the Eastern District of Virginia, sitting by designation.

CHAPMAN, Circuit Judge:

In this action, the Director of the Office of Workers' Compensation Programs (OWCP) seeks the reversal of a ruling of the Benefits Review Board dismissing the Director's appeal to the Board. More than three years after the Director had filed the appeal, the Board dismissed it because the Director had failed to transmit the administrative record of the proceeding to the Board for its use in ruling on the appeal. We hold that the Board acted within its discretion when it interpreted its regulations to permit the dismissal of the appeal. We therefore affirm.

I.

The OWCP initially denied claimant Hileman's claim for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–945, but on July 9, 1984, an ALJ awarded benefits to the claimant. In response to the ALJ's holding, the Director filed an appeal to the Benefits Review Board. On August 13, 1984, the Board acknowledged the appeal, transmitting a copy of the acknowledgment to the Division of Coal Mine Workers' Compensation (DCMWC). As the official custodian of the administrative record, the DCMWC fell under the Director's supervision. The acknowledgement that the Board sent to the DCMWC served to notify that office that it must transmit the administrative record to the Board. Although it received the acknowledgement, the DCMWC failed to transmit the record. On March 26, 1986, the Board again requested the record and the DCMWC again failed to respond to the request. On August 19, 1987, over three years after it had sent the original acknowledgement, the Board issued an order dismissing the appeal as abandoned.

On September 23, 1987, the Director filed a motion with the Board for en banc reconsideration of the dismissal. Although this filing fell outside the thirty-day period within which the applicable statutes and regulations require that such motions be filed, the Board entertained the motion and granted a rehearing. Before the Board sitting en banc, the Director argued that the dismissal was not authorized by the Act or regulations, that it was the responsibility of the DCMWC, rather than the Director, to transmit the record, and that, in dismissing the appeal, the Board had abused its discretion. Rejecting these arguments, the Board affirmed the dismissal on February 29, 1988. It held that, although the regulations do not specifically provide for the dismissal of an appeal under these circumstances, such action was consistent with the purpose behind the regulations. The Board further held that, for the purposes of transmitting the record, there was no distinction between the Director's role as a party-litigant and his status as the head of the OWCP which vested

him with supervisory authority over the custodian of the record. As a result of this unity of the Director's roles, the Board held that the failure to transmit the record constituted a failure to "participate significantly" in the proceedings which, the regulations specifically state, justified the dismissal of an appeal. The Director then petitioned this court for a review of the Board's ruling.

## II.

█ We first address the issue, raised by the respondent claimant, of this court's jurisdiction to entertain the instant petition for review. The claimant argues that we lack jurisdiction because the Director filed his motion for reconsideration with the Board outside of the thirty-day period prescribed for such motions. Hileman asserts that, since the motion was not timely filed, it did not toll the running of the period within which the Director may seek review in this court. Under the claimant's argument, the period within which the Director may petition this court for review began running on August 19, 1987, the date of the Board's original dismissal of the appeal. The Act prescribes a sixty-day period during which an aggrieved party may petition for review in a court of appeals. 33 U.S.C. § 921(c). Since the Director filed his petition for review with this court later than sixty days from August 19, 1987, the claimant contends that he has failed to meet the jurisdictional requirements for review in this court.

The Supreme Court addressed this question in *Bowman v. Loperena*, 311 U.S. 262, 61 S.Ct. 201, 85 L.Ed. 177 (1940). There, the Court stated that

> [t]he filing of an untimely petition for rehearing which is not entertained or considered on its merits, or a motion for leave to file such a petition out of time, if not acted on or if denied by the trial court, cannot operate to extend the time for appeal. But where the court allows the filing and, after considering the merits, denies the petition, the judgment of the court as originally entered does not become final until such denial, and the time for appeal runs from the date thereof.

*Id.* at 266, 61 S.Ct. at 203–04. Although the Director's motion for en banc reconsideration of the Board's decision was not timely filed, the Board accepted it and ruled on its merits. Had the Board refused to rule on the motion because of its untimeliness, the period for seeking review in this court would have run from the date of the Board's original dismissal of the Director's appeal. However, since the Board entertained the motion for reconsideration on its merits, the period for petitioning this court for review did not begin to run until February 29, 1988, the date of the Board's en banc affirmance of the dismissal. Since the Director filed his petition for review within sixty days of this date, we have jurisdiction over the matter.[1]

## III

█ We now come to the central question before us for review: the propriety of the Board's dismissal of the Director's appeal for his failure to ensure that the DCMWC transmitted the administrative record to the Board. In dismissing the

---

1. The claimant offers *Bolling v. Director, OWCP*, 823 F.2d 165 (6th Cir.1987), as support for his argument that we lack jurisdiction to hear the instant action. In *Bolling*, the petitioner had filed his motion for reconsideration out of time, the Board had rejected it and the court held that "[b]ecause the motion to reconsider was not filed within the prescribed period, it did not toll the time for filing a petition for review in this court." However, it is unclear from the *Bolling* opinion whether the Board there entertained the motion for reconsideration on the merits, or whether it merely rejected the motion because it was untimely. Only if the Board had reached the merits of the petitioner's motion for reconsideration would it support the present claimant's jurisdictional argument.

Regardless of whether the Board in *Bolling* ruled on the merits of the motion for reconsideration, however, we decline to adopt a rule that would go directly contrary to the clear import of the Supreme Court's decision in *Bowman*. Also counseling against the adoption of the claimant's argument is the deference that we accord to agency action. That deference militates against ignoring the Board's decision to treat a motion as if it were timely filed when we are determining this court's jurisdiction.

Director's appeal and in its en banc affirmance of that dismissal, the Board relied primarily on three sections of the regulations that govern its operation. The first regulation charges the deputy commissioner of the DCMWC with transmitting the administrative record to the Board:

Upon receipt of a copy of the notice of appeal or upon request of the Board, the deputy commissioner or other office having custody of such record shall immediately forward to the Clerk of the Board the official record of the case, which record includes the transcript or transcripts of all formal proceedings with exhibits, all decisions and orders rendered in the case.

20 C.F.R. §§ 802.209. Section 802.218 of the regulations states:

(a) Failure to file any paper when due pursuant to this part, may, in the discretion of the Board, constitute a waiver of the right to further participation in the proceedings.

(b) When a petition for review and brief has not been submitted to the Board within the time limitation prescribed by § 802.211, or within an enlarged time limitation granted pursuant to § 802.217, the petitioner shall be ordered to show cause to the Board why his or her appeal should not be dismissed pursuant to § 802.402.

20 C.F.R. § 802.218. Finally, section 802.402(a) provides:

Upon motion by any party or representative or upon the Board's own motion, an appeal may be dismissed upon its abandonment by the party or parties who filed the appeal. Within the discretion of the Board, a party may be deemed to have abandoned an appeal if neither the party nor his representative participates significantly in the review proceedings.

20 C.F.R. § 802.402(a).

In reviewing the Board's dismissal of the Director's appeal, we are guided by the Supreme Court's admonition in *Udall v. Tallman,* 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965), that the deference that courts accord to agency action is at its height when a court is reviewing an agency's interpretation of its own regulations. When a challenge to an agency's construction of its regulations arises, "the ultimate criterion is the administrative interpretation, which becomes of controlling weight unless it is plainly erroneous or inconsistent with the regulation." *Bowles v. Seminole Rock & Sand Co.,* 325 U.S. 410, 414, 65 S.Ct. 1215, 1217, 89 L.Ed.2d 1700 (1945); *see also Puerto Rico Maritime Shipping Auth. v. Federal Maritime Comm'n,* 678 F.2d 327, 345 (D.C.Cir.), *cert. denied,* 459 U.S. 906, 103 S.Ct. 210, 74 L.Ed.2d 167 (1982) (courts "will accept the [agency's] interpretation so long as it does not do violence to the language of the regulation itself").

Given this standard of review, we hold that the Board committed no reversible error in dismissing the Director's appeal. The Director correctly states that the regulations do not explicitly provide for the dismissal of an appeal as the sanction for the failure to file the record with the Board; however, our role in this action is not to hold the agency to the most narrow construction of the regulations. Important considerations dictate that the Board "should retain the greatest leeway possible to control its own docket," *Kephart v. Director, OWCP,* 701 F.2d 22, 25 n. 12 (3d Cir.1983), and, as long as the Board pursues this policy without doing "violence to the language" of the applicable regulations, courts should decline to interfere.

In affirming the dismissal of the Director's appeal, the Board relied on the purpose behind §§ 802.290, 802.218(a) and 802.402. It held that, "read in conjunction with one another," the regulations authorized the dismissal for the Director's failure to transmit the record. We are not prepared to hold that such an interpretation of the regulations constitutes an arbitrary and capricious exercise of the Board's power. *See Chevron v. Natural Resources Defense Council,* 467 U.S. 837, 844, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1983). The cited regulations undeniably express a policy in favor of dismissing appeals that are being inadequately prosecuted. Both § 802.218(a) and § 802.402(a) contain broad references to the Board's

discretion to dismiss appeals. Under § 802.402(a), the Board may properly exercise this discretion in determining whether a party had abandoned its appeal. According to the regulation, a party may be held to have abandoned its appeal "if neither the party nor his representative participates significantly in the review proceedings." In this connection, we hold that it was neither arbitrary nor capricious for the Board to hold that the Director had failed to participate significantly in the proceeding when he had failed, over the course of three years, and in the face of two requests, to transmit the record of the proceeding to the Board.

The Director argues that the failure of the DCMWC to transmit the record cannot be treated as a failure on the part of the Director to participate significantly in the proceeding within the meaning of § 802.402(a). He contends that the regulations charge the deputy commissioner of the DCMWC, not the Director, with transmitting the record. This argument, however, ignores the fact that the DCMWC falls under the supervisory authority of the Director. *See Director, OWCP v. Brodka,* 643 F.2d 159, 162 (3d Cir.1981); 20 C.F.R. §§ 725.101(10), 725.350(b). For the purposes of transmitting the record to the Board, the deputy commissioner is the Director's agent. One of the basic tenets of the law of agency is that a principal may be held accountable for his agent's failure to perform delegated duties. It was therefore a permissible exercise of the Board's discretion to dismiss the Director's appeal when the DCMWC failed to fulfill its obligation to transmit the administrative record. Although the responsibility for transmitting the record fell in the first instance on the deputy commissioner of the DCMWC, 20 C.F.R. § 802.209, the Director, in his role as principal, had the authority to require his agent to properly perform his obligations under the regulations. The Director failed to exact the proper performance from his agent. We hold that this failure to carry out his responsibilities in connection with the appeal justified the dismissal of the Director's appeal.[2]

■ The relationship in which the Director stood to the deputy commissioner also obviated the need for the Board to send notice of the impending dismissal directly to the Director. It is a truism of the law of agency that notice to an agent acting within the scope of his agency will be imputed to the principal. *See, e.g., Eitel v. Schmidlapp,* 459 F.2d 609, 615 (4th Cir. 1972). Twice after the Director had filed the appeal, the Board requested the record from the DCMWC—first by the acknowledgment of appeal on August 13, 1984, and again by a request dated March 26, 1986. This notice to the Director's agent who was responsible for transmitting the record will be imputed to the Director. It was therefore not error for the Board to dismiss the appeal without sending a request for the record directly to the Director.

For the foregoing reasons, the judgment of the Benefits Review Board is affirmed.

2. In an attempt to avoid the effect of his agent's dereliction of duty, the Director relies on *Director, OWCP v. Brodka,* 643 F.2d 159 (3d Cir. 1981), for the proposition that the Director of the OWCP and a deputy commissioner of the DCMWC are separate entities. From this premise, the Director argues that he may not be charged with the failures of his agent. The court in *Brodka* held that the Director and the deputy commissioner were separate entities to the extent that the Director could properly appeal an award of attorney's fees that the deputy commissioner had entered against him. In that context, however, the Director occupied an entirely different position with respect to the deputy commissioner than he does in this dispute. In *Brodka,* the Director stood before the deputy commissioner as a party-litigant. In that role, he was charged with a fiduciary duty to protect the Black Lung Disability Trust Fund from unjustified claims, *Gurule v. Director, OWCP,* 11 BRBD 664, 673 (1979), and an appeal represented the only relief that he could seek should the deputy commissioner rule against him. In *Brodka,* the Director had no authority to require the deputy commissioner to rule in his favor. That decision may not be extended beyond the situation in which the Director stands before the deputy commissioner as a party-litigant to the situation (now before the court) in which the Director exercises the supervisory authority of a principal over his agent, the deputy commissioner.