917 F.2d 1303
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Stanley WRIGHT, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 90-2316.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 24, 1990.
Decided Nov. 8, 1990.
 
 On Petition for Review of an Order of the Benefits Review Board. (86-2148-BLA, 88-3001-BLA)
 Jack Alsop, Webster Springs, W.V., for petitioner.
 Robert P. Davis, Solicitor of Labor, Donald S. Shire, Associate Solicitor for Black Lung Benefits, Michael J. Denney, Counsel for Appellate Litigation, Helen H. Cox, Office of the Solicitor, United States Department of Labor, Washington, D.C., for respondent.
 Ben.Rev.Bd.
 AFFIRMED.
 Before K.K. HALL, PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Stanley Wright petitions this court for review of a November 30, 1989, order by the Benefits Review Board operating under the Black Lung Benefits Act. Wright considers that order to be the Board's final action in his attempt to gain disability benefits, and thus seeks to have this court reconsider the Board's decision in August 1988 to deny him benefits. We hold that we are without jurisdiction to review the Board's August 1988 decision, and we affirm the Board's November 1989 order.
 
 I.
 
 2
 Stanley Wright filed an application in 1983 for disability benefits under the Black Lung Benefits Act, codified as amended at 30 U.S.C. Secs. 901-945. An Administrative Law Judge (ALJ) issued a decision and order denying benefits on July 23, 1986. Wright timely appealed the decision to the Benefits Review Board, which docketed the case as BRB No. 86-2148 BLA. On August 28, 1988, the Board affirmed the ALJ's denial of benefits. Wright filed with the Board a motion to reconsider, which the Board rejected in December 1988, believing Wright had mailed it on October 11, a few weeks outside the 30-day period for filing appeals. See 33 U.S.C. Sec. 921(b)(5) (incorporated by 30 U.S.C. Sec. 932(a)). Wright again requested the Board to reconsider, showing that he had mailed the appeal on October 1; on June 8, 1989, the Board again denied Wright's request as untimely. Wright had 60 days after the Board's "final order" denying his claims to petition this court. See 33 U.S.C. Sec. 921(c). He filed no petitions until the present one.
 
 
 3
 While awaiting the Board's initial review of the ALJ's decision, Wright wrote to the Board on August 9, 1988, requesting information on the status of his case. On April 11, 1989, the Board acknowledged the letter and erroneously docketed it as a pro se appeal, BRB No. 88-3001 BLA, rather than as a status request. On November 30, 1989, the Board issued an order acknowledging its error and dismissing Wright's "appeal" in BRB No. 88-3001 BLA. Wright filed the current petition for review of the Board's November 30 order within the statutory 60-day period.
 
 II.
 
 4
 Wright asserts that the Board's dismissal of "appeal" BRB No. 88-3001 BLA on November 30, 1989, entitles him to challenge on the merits the Board's decision of August 28, 1988, that affirmed the ALJ's denial of benefits. The remainder of his arguments are addressed to the merits of his claim for benefits. Although we may review the November 30 order, we cannot review the Board's decision regarding Wright's disability benefits because we lack jurisdiction to do so.
 
 
 5
 The Board entered its final decision regarding Wright's disability in BRB No. 86-2148 BLA on August 28, 1988. Its only subsequent actions in that case were to deny motions for reconsideration on the grounds they were untimely filed. The Board did not reexamine the case on the merits nor indicate within 60 days of August 28, 1988, that it would do so. As we noted in Director, OWCP v. Hileman, 897 F.2d 1277, 1279 (4th Cir.1990), if the Board denies a motion for rehearing because it is untimely filed and, thus, does not reconsider the case on the merits, the period for seeking judicial review runs from the date of the Board's original dismissal of the appeal. Here, the Board's final action occurred on August 28, 1988, when it dismissed Wright's appeal. Wright had 60 days from that date to petition this court for review and failed to take such action. Under the plain language of 33 U.S.C. Sec. 921(c), we therefore have no jurisdiction to consider the Board's decision to deny Wright benefits. Adkins v. Director, OWCP, 889 F.2d 1360, 1363 (4th Cir.1989).
 
 III.
 
 6
 This court does have jurisdiction to consider the Board's November 30, 1989, order, but Wright has not argued that that order is in error. The only substantive issue in the order is whether Wright's letter dated August 11, 1988, was an appeal or a status request. Finding no reason to question the Board's decision, the Board's order is hereby
 
 
 7
 AFFIRMED.