57 F.3d 1066
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Ervin R. LOONEY, Petitioner,
v.
WOODMAN THREE MINES, INCORPORATED; Director, Office of
Workers' Compensation Programs, United States
Department of Labor, Respondents.
 No. 94-2649.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 18, 1995.
Decided: June 9, 1995.
 
 Ervin R. Looney, Petitioner Pro Se. Mark Elliott Solomons, Laura Metcoff Klaus, Arter & Hadden, Washington, DC; Michael John Denney, Patricia May Nece, United States Department of Labor, Washington, DC, for Respondents.
 Before WIDENER, HAMILTON, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Ervin Looney seeks review of the Benefits Review Board's (Board) decision and order and order on reconsideration denying black lung benefits under 30 U.S.C.A. Secs. 901-45 (West 1986 & Supp.1994). The Director, Office of Workers' Compensation Programs (Director), has filed a motion to dismiss this appeal on the ground that it is untimely. Woodman Three Mines, Inc. (employer) responds that the appeal should be dismissed, but believes that the dismissal should be based on a finding that Looney has no appeal pending before this Court.
 
 
 2
 The record discloses that the Board issued its decision affirming the administrative law judge's (ALJ) denial of benefits on September 28, 1994. On November 16, 1994, the Board received a letter from Looney stating his dissatisfaction with the Board's decision and his desire to appeal. The Board construed this letter as a motion for reconsideration, even though the period for filing such motions had expired, and faxed a copy of the letter to the Department of Labor on December 13, 1994. The agency construed the letter as a misdirected petition for review, and forwarded it to this Court, where it was docketed as a petition for review on December 13, 1994. The Board issued a decision denying reconsideration on December 29, 1994. Looney took no further action.
 
 
 3
 The applicable filing period for appeals to this Court from decisions of the Board is sixty days. 33 U.S.C. Sec. 921(c) (1988). We have held that, even where a petition for review is mistakenly sent to the Board within the sixty-day period, but filed in this Court outside of that period, we lack jurisdiction to consider the appeal. See Adkins v. Director, Office of Workers' Compensation Programs, 889 F.2d 1360, 1363 (4th Cir.1989). If, therefore, we construed Looney's November letter as a misdirected petition for review, it would not provide us with jurisdiction to review the Board's decision.
 
 
 4
 The Board, however, construed Looney's letter as a request for reconsideration, and ruled on its merits, even though it was untimely. Under such circumstances, we have held that the Board's order denying reconsideration triggers the running of a new sixty-day period for appeal. See Director, Office of Workers' Compensation Programs v. Hileman, 897 F.2d 1277, 1279 (4th Cir.1990). The employer therefore believes that Looney had sixty days from the date of the Board's December 29, 1994 order to file a petition for review, but that until Looney takes such action, there is no appeal pending before this Court.
 
 
 5
 Because Looney never filed a petition for review subsequent to the Board's decision on reconsideration, and any appeal would now be untimely in any event, it is clear that this Court lacks jurisdiction over Looney's appeal regardless of whether Looney's November letter is construed as a misdirected petition for review, or an untimely motion for reconsideration. We therefore grant the Director's motion to dismiss this appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED