F I L E D
United States Court of Appeals
Tenth Circuit

FEB 11 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

BOBBY MANN,

      Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT
OF LABOR; TURNER BROTHERS,
INC.; and OLD REPUBLIC
INSURANCE CO.,

      Respondents.

No. 96-9509
(Petition for Review)
(No. 95-1197-BLA)

---

ORDER AND JUDGMENT[*]

---

Before PORFILIO, BALDOCK, and HENRY, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Bobby Mann seeks review of the decision of the Benefits Review Board (Board) affirming the administrative law judge's (ALJ) denial of benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901-45. Appellee Turner Brothers, Inc. is the responsible operator. See 20 C.F.R. §§ 725.492, 725.493. The Board declined to file a brief in this appeal.

The decision presented for our review is based on petitioner's third claim for benefits. His two prior claims, filed on September 23, 1974 and April 12, 1983, were denied on August 16, 1979 and March 7, 1984, respectively. The present claim was filed on November 5, 1986. The claim was denied after a hearing, and, following a remand for another hearing, the ALJ again denied benefits. Petitioner appealed the decision, but did not pursue it timely. The Board dismissed the appeal on August 31, 1989, but granted petitioner's motion for reconsideration filed October 30, 1989. The Board then affirmed the ALJ's decision to deny benefits.

## I. JURISDICTION

Appellees challenge our jurisdiction over this appeal on the ground that the Board was without jurisdiction because petitioner's motion to reconsider the dismissal was untimely. Appellees assert that the motion to reconsider was due within thirty days after the Board dismissed the appeal. The motion was filed

sixty days later, and therefore, according to appellees, the Board was without jurisdiction to consider it.

20 C.F.R. § 802.407(a) provides that a party-in-interest may request reconsideration of a decision by the Board within thirty days from the decision. Appellees argue that a motion to reconsider filed later than thirty days divests the Board of jurisdiction. The rules and regulations governing the Board, however, do not support appellees' position. See 20 C.F.R. § 802.101(a) (Board's operation is governed by Part 802 of 20 C.F.R.). The thirty-day time limit for filing a notice of appeal is specified by 20 C.F.R. § 802.205, which also states that an "untimely appeal will be summarily dismissed by the Board for lack of jurisdiction." In contrast, 20 C.F.R. § 802.217(a) provides that the time period specified for filing "papers" may be enlarged if the Board determines an enlargement of time is warranted. Motions are included in the "papers" governed by § 802.217. 20 C.F.R. § 802.216. A procedure for the Board to consider a late motion is provided by § 802.217(e), permitting "any paper" to be submitted outside the specified time period if accompanied by a motion requesting leave to file the paper out of time. In addition, 20 C.F.R. § 802.221(c) provides that the time limitations for filing a paper, other than a notice of appeal, may be waived.

It is clear that where a time limit is jurisdictional, the applicable regulations expressly so state. The time specified for filing a motion for

reconsideration has not been defined as jurisdictional, in contrast to the time limit for filing a notice of appeal. Moreover, the regulations anticipate and provide for the Board to consider motions filed beyond the time specified.

One other circuit has addressed this question, concluding that it is within the Board's discretion to consider an untimely motion for reconsideration. See Dailey v. Director, OWCP, 936 F.2d 241, 244 (6th Cir. 1991). Two additional courts have implicitly concluded that the Board has discretion to consider a late motion for reconsideration. See Director, OWCP v. Hileman, 897 F.2d 1277, 1279 (4th Cir. 1990); Shendock v. Director, OWCP, 893 F.2d 1458, 1467 n.10 (3d Cir. 1990). Bolling v. Director, OWCP, 823 F.2d 165 (6th Cir. 1987), is not instructive because it is unclear whether the Board denied the motion for reconsideration on the merits, or rejected it because it was untimely. Id. at 165.

We hold that it was within the Board's discretion to entertain the motion for reconsideration filed later than thirty days after petitioner's appeal was dismissed. Therefore, the Board had jurisdiction to consider the merits of petitioner's appeal, and we have jurisdiction to review the Board's order.

## II. MERITS

The ALJ concluded that petitioner established the presence of the disease pneumoconiosis, caused at least in part by coal mine work, but he failed to show he was totally disabled due to pneumoconiosis. See 20 C.F.R. §§ 718.201-.204.

In an alternative holding, the ALJ determined that petitioner failed to demonstrate a change in his condition since his prior claim was denied. The Board affirmed the ALJ's decision, concluding that the ALJ had properly evaluated the medical evidence, but found it unnecessary to review the determination that petitioner had not established a material change in his condition.

On appeal, petitioner asserts that the Board's determination is contrary to the medical evidence, specifically Dr. White's opinion that he is totally disabled. Petitioner also alleges the ALJ erred in concluding that petitioner had not shown a material change in his condition since his prior claim was denied.

We review the Board's decision for errors of law, and to determine whether it is supported by substantial evidence, but we cannot reweigh the evidence. Wyoming Fuel Co. v. Director, OWCP, 90 F.3d 1502,1505 (10th Cir. 1996). At the time of the administrative decisions in this case, neither the Board nor the ALJ had the benefit of our decision in Wyoming Fuel Co. There, we held that a claimant may bring a subsequent claim after he had been denied benefits in a prior claim if he demonstrates "as a threshold matter that 'there has been a material change in conditions' since the time of the previous denial." Id. at 1508 (quoting 20 C.F.R. § 725.309(d)). The required showing applies to "each element that actually was decided adversely to the claimant in the prior denial." Id. at 1511.

Applying those principles to this case, we hold that the initial inquiry should have been whether petitioner demonstrated a material change in his condition. We conclude that petitioner satisfied the threshold showing. The previous denial order held that petitioner had not established any of the three criteria for benefits (the existence of pneumoconiosis, caused by coal mine work, resulting in total disability). In the current proceeding, however, the ALJ concluded that petitioner established the existence of pneumoconiosis caused at least in part by coal mine work. Furthermore, petitioner submitted medical evidence that his condition had worsened since the previous denial of benefits. Therefore, because petitioner has made the threshold showing, we proceed to consider petitioner's claim that the medical evidence established that he is totally disabled.

The ALJ meticulously reviewed the medical evidence, summarizing the opinions of eight physicians, and stating reasons for discounting the opinions of all but two of them. The ALJ then determined that because those two medical opinions were equally probative but conflicting, petitioner had failed to meet his burden of proof under Director, OWCP v. Greenwich Collieries, 512 U.S. 267, 114 S. Ct. 2251 (1994). Petitioner apparently argues that the Board misapplied Greenwich Collieries in weighing the medical evidence.

"[T]he task of weighing conflicting medical evidence is within the sole province of the ALJ." <u>Hansen v. Director, OWCP</u>, 984 F.2d 364, 368 (10th Cir. 1993). "[W]hen the evidence is evenly balanced, the benefits claimant must lose." <u>Greenwich Collieries</u>, 114 S. Ct. at 2259. The ALJ provided a reasoned explanation for his determination that the medical evidence was evenly balanced. We have carefully reviewed the record and we have found no reversible error in the Board's decision to affirm the ALJ's order denying benefits under the Act.

The Decision and Order of the Benefits Review Board is AFFIRMED.


Entered for the Court


Robert H. Henry
Circuit Judge