**Isabella DAILEY, Petitioner–Appellant,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent–Appellee.**

No. 90–3572.

United States Court of Appeals,
Sixth Circuit.

Submitted on Briefs May 23, 1991.

Decided June 12, 1991.

Isabella Dailey, pro se.

Priscilla A. Schwab, Michael J. Denney, U.S. Dept. of Labor, Office of the Sol., Washington, D.C., for respondent-appellee.

Before KENNEDY and SUHRHEINRICH, Circuit Judges; and LIVELY, Senior Circuit Judge.

KENNEDY, Circuit Judge.

Petitioner Isabella Dailey (hereinafter "claimant") appeals from an order of the Benefits Review Board, United States Department of Labor ("the Board"), denying her motion for reconsideration of her claim for Black Lung Benefits. The motion was denied because it was filed outside the 30–day period provided by 20 C.F.R. § 802.407 and the Board held that it could not consider an untimely motion. We have jurisdiction over this action under 33 U.S.C. § 921(c). Because we find that the Board does have the power to review an untimely motion for reconsideration, we REMAND to the Board.

### I.

This case arises from a claim for benefits under the Black Lung Benefits Act, 30 U.S.C. § 901 *et seq.* Benefits under the Act are awardable to persons who are totally disabled within the meaning of the Act due to pneumoconiosis, or to the survivors of persons who were so totally dis-

abled at the time of their death or whose death was caused by pneumoconiosis. Pneumoconiosis, more commonly known as black lung disease, is a disease of the lungs caused by dust which can arise from coal mine employment.

The claimant, who has acted *pro se* throughout this case, is the widow of Grover Dailey, a former coal miner. In 1976, Mr. Dailey filed a claim for Black Lung Benefits. His claim was denied by the Department of Labor in 1979, and Mr. Dailey died in 1980. The claimant filed a survivor's claim following her husband's death, which was denied in 1981. Claimant requested a formal hearing, which was held in July 1984.

On November 13, 1984, the Administrative Law Judge (ALJ) hearing the case issued a Decision and Order denying benefits. Claimant appealed to the Board. After protracted procedural delays not relevant here, the Board affirmed the ALJ's denial of benefits on September 30, 1988. Federal regulations provide that a motion for reconsideration of a Board decision may be filed within 30 days of such decision. 20 C.F.R. § 802.407.

By letter dated October 28, 1988, and postmarked November 2, 1988, claimant filed a motion for reconsideration with the Board. Therein, she offered a full explanation of why she believed the ALJ's findings to have been incorrect. On November 30, 1988, claimant wrote a letter to the Board, explaining why she was unable to mail the motion for reconsideration until November 2, 1988, and related a telephone conversation between herself and an unnamed docket clerk at the Board on October 19, 1988. Claimant stated that this person told her three times that she would have 30 days from the date of receipt of the Board's denial decision to request reconsideration. Claimant contends that she received the Board's September 30, 1988 decision on October 6, 1988.

On December 7, 1989, the Board denied claimant's motion for reconsideration because it was not timely filed. The Board stated:

> A motion for reconsideration of a Board decision must be filed within thirty (30) days of the date on which the decision is issued. 20 C.F.R. § 802.407. Since the Board's Decision and Order was issued on September 30, 1988, claimant's motion for reconsideration should have been filed on or before October 30, 1988. However, since October 30, 1988 was a Sunday, the time for filing a motion for reconsideration was extended until October 31, 1988. Claimant's letter postmarked November 2, 1988 was untimely for reconsideration; accordingly, the Board *could not consider it.*

The Board did not review the merits of claimant's motion, nor did the Board consider her explanation for filing the motion out of time. Rather, the Board simply concluded that it could not consider Mrs. Dailey's motion because it was not filed within the 30–day period prescribed by 20 C.F.R. § 802.407(a).[1]

■ Petitioner appealed to this Court. The question presented is whether the 30–day period for filing a motion for reconsideration with the Board, 20 C.F.R. § 802.407(a), is jurisdictional, as held by the Board, or whether the Board has discretion to consider such untimely motions.

## II.

The question of whether the time limit for seeking reconsideration of a decision by the Board is jurisdictional has not, to our knowledge, been decided previously.

The Director of the Office of Workers' Compensation Programs (Director) contends that the time limit for filing motions for reconsideration of Board decisions under section 802.407(a) is not jurisdictional and may be enlarged by the Board within its discretion. Our review of the rules of practice and procedure governing the operation of the Board convinces us that the Director is correct.

---

1. The Board's conclusion that it could not, rather than would not, consider petitioner's untimely motion is also reflected in a March 23, 1990 letter from the Board to petitioner which explained that "[t]he Board is *unable to consider* an untimely motion for reconsideration."

Part 802 of 20 C.F.R. establishes "the rules of practice and procedure governing the operation of the Benefits Review Board." 20 C.F.R. § 802.101(a) (1990).[2] We turn to those regulations to ascertain the procedural rules governing actions before the Board.

In stating that it "could not" consider claimant's motion for reconsideration, the Board relied on section 802.407. That section, captioned "Reconsideration of Board decisions," provides in relevant part:

(a) Any party-in-interest may, within 30 days from the filing of a decision ... by a panel or [sic] the Board ..., request reconsideration of such decision....

Clearly, the language of section 802.407 does not answer the question confronting us. It is silent regarding the nature and import of the 30–day period. We therefore turn to the other provisions of Part 802 for guidance.

Section 802.205, entitled "Time for filing," concerns the time limit for filing a notice of appeal of an ALJ's decision with the Board. That section provides in part that "[a] notice of appeal ... must be filed within 30 days from the date upon which [the appealable decision is filed.]" 20 C.F.R. § 802.205(a). However, that section also states that "[f]ailure to file within the [30–day period] shall foreclose all rights to review by the Board with respect to the case or matter in question. Any untimely appeal will be summarily dismissed by the Board for lack of jurisdiction." 20 C.F.R. § 802.205(c). This regulation makes clear that, for filing an appeal with the Board, the 30–day period of the regulations is jurisdictional. Significantly, there is no comparable jurisdictional language concerning a motion for reconsideration.

Even more significant than the absence of any jurisdictional language concerning the 30–day period for filing a motion for reconsideration is section 802.217. That

section, entitled "Waiver of time limitations for filing," provides in relevant part as follows:

The time periods specified for submitting papers described in this part, except that for submitting a notice of appeal, *may be enlarged* for a reasonable period when in the judgment of the Board an enlargement is warranted.

20 C.F.R. § 802.217(a) (emphasis added). Section 802.216 indicates that "papers described in this part" encompasses "motions," which clearly includes a motion for reconsideration. Therefore, by the plain and unambiguous language of section 802.-217, the Board has discretion to enlarge the 30–day time period for filing a motion for reconsideration.[3]

Other subsections of section 802.217 provide the procedural requirements for obtaining a discretionary enlargement of a time period. A request for enlargement must ordinarily be in the form of a motion and be received by the Clerk of the Board on or prior to the date on which the paper is due in the absence of enlargement. *See* 20 C.F.R. §§ 802.217(b) & (c). However, section 802.217(e) provides yet another method for filing outside the prescribed time period:

Absent a timely request for an enlargement of time pursuant to this section and the Board's granting that request, any paper submitted to the Board outside the applicable time period specified in this part shall be accompanied by a separate motion stating the reasons therefor and requesting that the Board accept the paper although filed out of time.

Further, the Board has discretion to prescribe informal procedures to be followed by parties acting *pro se*. 20 C.F.R. § 802.220.

---

**2.** All designations to the Code of Federal Regulations herein are to the 1990 edition. The 1988 and 1989 versions of Part 802, which were in effect at the time of the Board's initial order and refusal to consider the motion for reconsideration, respectively, are identical in all relevant respects to the 1990 edition.

**3.** This result is also supported by section 802.-221, captioned "Computation of time," which states at subsection (c) that "[a] waiver of the time limitations for filing a paper, other than a notice of appeal, may be requested by proper motion filed in accordance with [§ 802.217]."

It is clear from the regulations governing procedures before the Board that, with the exception of a notice of appeal from an ALJ's decision, the time for filing all other documents may be enlarged at the discretion of the Board. The regulations provide the Board with the flexibility to consider equitable factors in dealing with otherwise untimely motions for reconsideration, including a *pro se* claimant's reliance on improper information supplied by a Board employee.

We also note that our conclusion is supported implicitly by the decisions of two other courts of appeal. In *Director, Office of Workers' Compensation Programs*, 897 F.2d 1277 (4th Cir.1990), the Board had accepted a motion for reconsideration filed by the Director five days outside the 30-day time limit, and then ruled on the merits. The Fourth Circuit did not consider whether the Board could properly accept the untimely motion, but assumed that the Board had the discretion to do so. *Id.* at 1279. The Third Circuit in *Shendock v. Director, Office of Workers' Compensation Programs*, 893 F.2d 1458 (3d Cir.) (en banc), *cert. denied*, —— U.S. ——, 111 S.Ct. 81, 112 L.Ed.2d 53 (1990), dismissed a petitioner's appeal for lack of jurisdiction, holding that the 60-day filing requirement of 30 U.S.C. § 921(c), concerning review of a Board decision by the courts of appeal, is jurisdictional. However, the court implied in a footnote that the 30-day time period of 20 C.F.R. § 802.407 is not jurisdictional. The court stated: "[W]e do not preclude the Board, if asked by the parties, from considering Shendock's May 4, 1987 letter as a request for reconsideration of the Board's decision." *Id.* at 1467. Thus, despite the fact that Shendock's May 4 letter was, at that time, untimely under the then existing regulations governing motions for reconsideration, the Third Circuit suggested that the Board had the discretion to enlarge the time for filing such a motion.

### III.

We do not hold that the Board, when faced with a motion for reconsideration which is technically out of time, *must* con-

sider the merits of the motion. Rather, we hold that the Board's own rules of practice and procedure, 20 C.F.R. Part 802, give the Board discretion to consider an untimely motion for reconsideration.

Accordingly, because the Board denied claimant's motion for reconsideration because the Board incorrectly held that it could not consider the motion, the case is REMANDED to the Board for its further determination whether to review claimant's motion for reconsideration.