47 F.3d 1170
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Johnnie PATTON, Petitioner,
v.
BLOCK MOUNTAIN MINING, INC.; Security Insurance Company of
Hartford; West Coal Corporation; Connecticut Indemnity
Company; Underwriters Safety and Claims, Inc.; Director,
Office of Workers' Compensation Programs, United States
Department of Labor, Respondents.
 No. 94-3829.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1995.
 
 Benefits Review Board, No. 91-1270 BLA.
 Ben.Rev.Bd.
 PETITION DENIED.
 Before: MERRITT, Chief Judge; BROWN and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Johnnie Patton, pro se, petitions for review of the Benefits Review Board's decision denying him benefits under the Black Lung Benefits Act. 30 U.S.C. Secs. 901-945. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The claimant filed his application for Black Lung Benefits on July 29, 1988. A claims examiner for the Department of Labor denied the claim in 1988. After a conference was held, the claim was again denied in April 1989. Patton appealed the decision to the Office of Administrative Law Judges and a hearing was held on December 20, 1990.
 
 
 3
 In April of 1991, an Administrative Law Judge (ALJ) issued a Decision and Order denying benefits. Applying Part 718 of the regulations, the ALJ concluded that Patton had shown the existence of pneumoconiosis pursuant to 20 C.F.R. Sec. 718.202(a)(1) based on the x-ray evidence of record. The ALJ also concluded that Patton had met his burden of showing that the pneumoconiosis arose at least in part out of his coal mine employment. 20 C.F.R. Sec. 718.203(a). However, the ALJ also found that Patton failed to establish that he was totally disabled from performing his usual coal mine work or comparable and gainful work in order to be entitled to benefits. 20 C.F.R. Sec. 718.204(b). On appeal, the Board affirmed the ALJ's denial of benefits as supported by substantial evidence.
 
 
 4
 On appeal to this court, Patton argues that the "breathing test results" of record were invalid because they were administered after he had been sitting down and resting for approximately 30 to 45 minutes in his doctor's office and because the tests were given on a machine "that is broken-down." Patton makes no other substantive arguments or challenges to the ALJ's Decision and Order.
 
 
 5
 Initially, this court concludes that it has jurisdiction over this claim. In Dailey v. Director, OWCP, 936 F.2d 241, 244 (6th Cir.1991), this court determined that the time for filing a motion for reconsideration could be enlarged at the discretion of the court. The record shows that Patton timely appealed to this court from the last final order by the Board, issued June 8, 1994, denying Patton's request for reconsideration.
 
 
 6
 Turning to the merits of the claim, this court has recognized that it must affirm the Board's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). This court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985).
 
 
 7
 Because this claim was filed after March 31, 1980, the ALJ and Board properly analyzed the claim under Part 718 of the regulations. 20 C.F.R. Sec. 718.2; Saginaw Mining Co. v. Ferda, 879 F.2d 198, 204 (6th Cir.1989). To establish eligibility for benefits under this Part, a miner must show that: 1) he has pneumoconiosis; 2) the pneumoconiosis arose out of coal mine employment; and 3) the pneumoconiosis has rendered him totally disabled. 20 C.F.R. Secs. 718.2, 718.202-718.205; Adams v. Director, OWCP, 886 F.2d 818, 820 (6th Cir.1989). The claimant bears the burden of proving each of these elements by a preponderance of the evidence. Adams, 886 F.2d at 820.
 
 
 8
 The ALJ and Board properly found no evidence of total disability in order for Patton to be entitled to benefits. 20 C.F.R. Sec. 718.204(b)(2) and Sec. 718.204(c)(1)-(5). None of the pulmonary function tests produced qualifying results under Appendix C to Part 718. Moreover, as noted by the ALJ, a majority of the blood gas studies revealed non-qualifying values, pursuant to that same subsection of the regulations. The criteria under Sec. 718.204(c)(3) does not apply to Patton's claim.
 
 
 9
 The record supports the ALJ's decision that the medical opinions could not establish total disability under Sec. 718.204(c)(4). Drs. Anderson, Fino and Lane, who are pulmonary specialists, all concluded that there was no evidence of an impairment and that Patton retained the respiratory ability to perform work in the coal mines, including heavy labor. Although Dr. Seargeant and Dr. Serrell both diagnosed some disability, the ALJ properly discredited these opinions as unreasoned and without proper foundation. This court must defer to an ALJ's determinations of credibility and resolutions of inconsistencies in testimony, including the weight to be accorded to physicians' opinions, when the ALJ's determinations are supported by substantial evidence. Consolidation Coal Co. v. Worrell, 27 F.3d 227, 231 (6th Cir.1994).
 
 
 10
 The Director argues in favor of the claimant, for the first time, contending that the ALJ erred in refusing to find total disability based on the physicians' opinions. However, a review of the Director's arguments reveals that the Director is merely attempting to reweigh the evidence, himself, substituting his own judgment for that of an ALJ, to whom this court must defer to resolve inconsistencies in such medical opinions. Worrell, 27 F.3d at 231.
 
 
 11
 Finally, any error by the ALJ in failing to consider the doctors' diagnosis of Wegener's disease in finding pneumoconiosis based on the x-ray evidence is harmless error, in light of the ALJ's denial of benefits on the basis that Patton failed to prove disability under Sec. 718.204. See Belcher v. Director, OWCP, 895 F.2d 244, 246 (6th Cir.1989).
 
 
 12
 Accordingly, the petition for review is denied. Rule 9(b)(3), Rules of the Sixth Circuit.