PEABODY COAL COMPANY and Old
Republic Insurance Company,
Petitioners,

v.

Clarence ABNER and Director, Office of
Workers' Compensation Programs, United States Department of Labor, Respondents.

No. 96–3662.

United States Court of Appeals,
Sixth Circuit.

Argued June 3, 1997.

Decided July 8, 1997.

Laura Metcoff Klaus, Mark E. Solomons, (argued and briefed), Arter & Hadden, Washington, DC, for Petitioners.

E.F. Martin, Jr., (argued and briefed), Hartford, KY, Sudeep K. Bhatia, Appalachian Research & Defense Fund of Kentucky, Inc., Barbourville, KY, Stephen A. Sanders, Appalachian Research & Defense Fund of Kentucky, Inc., Prestonsburg, KY, for Clarence Abner.

Patricia Nece, U.S. Department of Labor, Office of the Solicitor, Washington, DC, Dorothy Page, U.S.Department of Labor, Office of the Solicitor, Washington, DC, for Director, Office of Workers' Compensation Programs, United States Department of Labor.

Before: MERRITT, CONTIE, and SUHRHEINRICH, Circuit Judges.

## OPINION

SUHRHEINRICH, Circuit Judge.

This is an appeal by the Peabody Coal Company seeking relief from an award of benefits to Clarence Abner under the Black Lung Benefits Act, 30 U.S.C. §§ 901–45 (1986 and Supp.1997). For the following reasons, we conclude that we do not have jurisdiction and **DISMISS** the petition for review.

## I.

Clarence Abner was a coal miner for forty-four years. He suffered heart attacks in 1971 and 1972 and had cardiac by-pass surgery in 1973. He retired from Peabody Coal in 1973.

Abner filed this claim for benefits on June 22, 1979. The United States Department of Labor initially determined that Abner was entitled to benefits and identified Peabody Coal as the responsible coal mine operator. Peabody contested the finding. Six years later, on September 17, 1986, an administra-

tive law judge (ALJ) held an evidentiary hearing. On December 31, 1987, the ALJ issued a decision and order awarding benefits. The ALJ found that Abner had over ten years coal mine employment, invoked the interim presumption of total disability due to pneumoconiosis pursuant to 20 C.F.R. § 727.203(a)(1) and (a)(4)(1996)[1], and found Peabody had not rebutted the presumption in accordance with 20 C.F.R. § 727.203(b)(1)-(b)(4).

Peabody appealed the ALJ's decision to the Board, which affirmed the ALJ's decision on January 26, 1993. Peabody filed a timely motion for reconsideration of the Board's decision. On July 21, 1995, the Board issued an order summarily denying the motion for reconsideration, but indicating in a footnote that:

> We reject employer's contention that the administrative law judge applied an improper standard at 20 C.F.R. § 727.203(a)(4). A review of the administrative law judge's decision and order indicates that the [sic] he properly reviewed the evidence to determine if it established a totally disabling respiratory or pulmonary impairment under this subsection. Decision and Order at 8. Further review of the disposition in the instant case may be obtained by appeal to the United States Court of Appeals of the appropriate Circuit.

Instead of taking this advice, Peabody filed a second motion for reconsideration on August 18, 1995. Abner objected to the motion, arguing that it was untimely because it had not been filed within thirty days of the January 1993 order affirming the ALJ's decision. The Board disagreed with Abner, and on April 24, 1996, entered an order denying the motion on the merits. The Board stated that:

> We reject ... claimant's contention that we do not have jurisdiction to review a second motion for reconsideration in this case. The Board's *Rules of Practice and Procedure* state that we shall review all motions for reconsideration and grant or deny said motions within our discretion. 20 C.F.R. 802.409. Further review of the disposition in the instant case may be obtained by appeal to the United States Court of Appeals of the appropriate Circuit.

The Board once again summarily denied Peabody's motion for reconsideration.

Peabody filed this petition for review pursuant to 33 U.S.C. § 921(c) on June 17, 1996, within sixty days of the Board's April 24, 1996 order, but not within sixty days of the Board's July 21, 1995 order. In both its brief and in a separate motion to dismiss, Abner claims that this court lacks jurisdiction because Peabody's petition for review was not filed within sixty days of the Board's initial order denying Peabody's motion for reconsideration. We must therefore decide whether a second or successive motion for reconsideration will toll the time for filing a petition for review under § 921(c) until after the grant or denial of the second motion.

## II.

■ We have authority to review decisions of the Board pursuant to 33 U.S.C. § 921(c):

> Any person adversely affected or aggrieved by a final order of the Board may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred, by filing in such court within sixty days following the issuance of such Board order a written petition praying that the order be modified or set aside.... Upon such filing, the court shall have jurisdiction of the proceeding and shall have the power to give a decree affirming, modifying, or setting aside, in whole or in part, the order of the Board and enforcing same to the extent that such order is affirmed or modified.

33 U.S.C.A. § 921(c)(1986); 30 U.S.C. § 932(a)(1986)(Black Lung Act, incorporating appeal provision of the Longshore and Har-

---

1. The "interim presumption" of 20 C.F.R. § 727.203 permits a miner who has engaged in coal mine employment for at least ten years to invoke the presumption of total disability due to pneumoconiosis if one of four medical requirements is met. 20 C.F.R. § 727.203(a)(1)-(4). Section 203(b) provides that the presumption may be rebutted if certain factors are established. 20 C.F.R. § 727.203(b)(1)-(4).

bor Workers' Compensation Act, § 921(c)). *See also* 20 C.F.R. § 802.410 (1996)("Within 60 days after a decision of the Board has been filed . . . any party adversely affected or aggrieved by such decision may file a petition for review with the appropriate U.S. Court of Appeals pursuant to section 21(c) of the LHWCA."). The sixty-day filing period is a jurisdictional requirement. *Bolling v. Director*, 823 F.2d 165, 165–66 (6th Cir.1987)(order); *Felt v. Director, OWCP*, 11 F.3d 951, 952 (9th Cir.1993)(order); *Shendock v. Director, OWCP*, 893 F.2d 1458, 1461–68 (3d Cir.1990)(en banc). *See generally, Danko v. Director, OWCP*, 846 F.2d 366, 368 (6th Cir.1988)(per curiam)("Section 921(c) is a jurisdictional provision, not a venue provision.").

■ If a motion for reconsideration is filed within thirty days of the Board's decision, "the 60–day period for filing such petition for review will run from the issuance of the Board's decision on reconsideration." 20 C.F.R. § 802.406 (1996). In other words, a petition for review under § 921(c) is timely if filed within sixty days of the Board's denial of a timely motion for reconsideration. *Arch Mineral Corp. v. Director, OWCP*, 798 F.2d 215, 219 (7th Cir.1986).

Had Peabody filed its petition for review within sixty days of the Board's July 21, 1995 order, jurisdiction in this court would be proper. Instead, Peabody filed a second motion for reconsideration, making essentially the same arguments as it did in the first motion for reconsideration. The motion was filed within thirty days of the Board's first order denying its motion for reconsideration.

■ Although there is no case law directly on point, we think Rule 59(e) jurisprudence should operate by analogy here. *See Moody v. Pepsi–Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir.1990)(holding that motions for reconsideration are construed as motions to alter or amend the judgment). Like a timely motion for reconsideration, a timely motion to alter or amend or for new trial tolls the time within which a notice of appeal must be filed. Fed. R.App. P.

4(a)(4)("If any party files a timely [Rule 59 motion], the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding."); *Moody*, 915 F.2d at 206. A successive motion to amend, where the first was not granted, does not toll the appeal period. *Reed v. Toledo Area Affirmative Action Program for Constr. Indus.*, 715 F.2d 253, 254 (6th Cir. 1983)(per curiam). *Cf. York v. Tate*, 858 F.2d 322, 326 (6th Cir.1988)(per curiam)(holding that where court grants Rule 59 motion and significantly alters its prior judgment, federal rules do not prohibit opposing party from filing a Rule 59(e) motion to persuade district court to reinstate original judgment).

The reason for such a rule is straightforward: "The time limit would be a joke if parties could continually file new motions, preventing the judgment from becoming final." *Charles v. Daley*, 799 F.2d 343, 347 (7th Cir.1986). *See also id.* at 348 ("A successive motion directed to the same judgment is ineffectual, but when there is a new judgment—an alteration independently sufficient to restart the time for appeal—there is also a new period in which to file a motion under Rule 59."). *See also York*, 858 F.2d at 326 (finding reasoning of *Charles* court persuasive). Such a concern is particularly relevant here, in a case that is already eighteen years old.[2] We therefore conclude that Peabody's petition for review to this court was untimely because it was filed more than sixty days from the Board's order denying Peabody's first motion for reconsideration. *Cf. Bolling*, 823 F.2d at 165–66 (holding that court lacked jurisdiction because petition for review was filed more than sixty days after entry of Board's order, and sixty-day period was not tolled by petitioner's untimely motion for reconsideration before the Board).[3]

Accordingly, this petition is **DISMISSED** for lack of jurisdiction.

---

**2.** We note that there is no evidence that Peabody is responsible for any delays.

**3.** *Dailey v. Director, OWCP*, 936 F.2d 241 (6th Cir.1991), which held that the Board has discre-

tion to consider an untimely motion for reconsideration, does not help Peabody, because it involved only one such motion. *Id.* at 244.