**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NORFOLK SHIPBUILDING & DRYDOCK
CORPORATION,
Petitioner,

No. 98-2577

v.

DAVID L. BRIGHT,
Respondent.

NORFOLK SHIPBUILDING & DRYDOCK
CORPORATION,
Petitioner,

No. 99-1037

v.

DAVID L. BRIGHT,
Respondent.

On Petitions for Review of Orders
of the Benefits Review Board.
(No. 97-909)

Submitted: March 23, 1999

Decided: May 14, 1999

Before NIEMEYER and LUTTIG, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

No. 98-2577 dismissed and No. 99-1037 affirmed by unpublished per
curiam opinion.

_____

**COUNSEL**

Kelly Outten Stokes, VANDEVENTER BLACK, L.L.P., Norfolk, Virginia; Gerard E. W. Voyer, TAYLOR & WALKER, P.C., Norfolk, Virginia, for Petitioner. David L. Bright, Respondent Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Norfolk Shipbuilding and Drydock Company ("Norfolk Shipbuilding") petitions for review of two orders of the Department of Labor's Benefits Review Board ("BRB") disposing of motions for reconsideration. Norfolk Shipbuilding claims that the BRB erred in determining that it had failed to establish suitable alternative employment. Respondent David Bright moved to dismiss No. 98-2577 as interlocutory. For the reasons that follow, we dismiss No. 98-2577 and affirm No. 99-1037.

Bright filed a claim for workers' compensation benefits under the Longshore and Harbor Workers' Compensation Act. The Administrative Law Judge ("ALJ") found that Bright had reached maximum medical improvement regarding his thumb and hand injury on July 30, 1993, and awarded permanent partial disability from that date based on a 33% loss of use of Bright's left hand.

Bright appealed to the BRB and asserted that the ALJ erred in finding that Bright reached maximum medical improvement as of July 30, 1993, instead of April 29, 1994;* that an award of permanent partial

_____

*According to the ALJ, on the date of maximum medical improvement, Bright's benefits changed from total temporary to partial permanent.

2

disability should be based merely on medical impairment without a consideration of economic factors or wage loss; and that Norfolk Shipbuilding was entitled to credit for temporary disability payments under the Virginia Workers' Compensation Act. The BRB affirmed the decision of the ALJ.

Bright then filed a motion for reconsideration essentially reiterating his claims on appeal. However, the BRB interpreted Bright's motion to raise a novel issue that had not been decided by the ALJ or the BRB on initial review: whether Bright was entitled to total permanent disability from July 30, 1993 (the date of maximum medical improvement) until the date Bright was again employed. The BRB granted Bright's motion for reconsideration, based on a finding that Norfolk Shipbuilding failed to show suitable alternative employment during the relevant time period, and awarded Bright total permanent disability for this period. Norfolk Shipbuilding appealed (No. 98-2577).

Norfolk Shipbuilding then filed a motion for reconsideration by the BRB, stating that (1) Bright worked for Norfolk Shipbuilding until April 29, 1994, in a light duty position; (2) the ALJ implicitly found that Norfolk Shipbuilding proved suitable alternative employment; and (3) Bright might have been laid off for reasons unrelated to his work injury. The BRB granted the motion for reconsideration and modified its previous order to show that Bright was entitled to total permanent disability benefits only from April 29, 1994, until September 30, 1995, the day he began working again. Norfolk Shipbuilding appealed (No. 99-1037), arguing that (1) the BRB erred in considering total permanent disability when it was not raised before the ALJ and (2) the uncontradicted evidence established suitable alternative employment.

The filing of a timely motion for reconsideration renders the underlying BRB decision nonfinal and thus precludes judicial review of that action. See Bridger Coal Co. v. Director, OWCP, 927 F.2d 1150, 1152 (10th Cir. 1991). Therefore, due to the filing of the second motion for reconsideration, Bright has moved to dismiss as interlocutory Norfolk Shipbuilding's appeal from the BRB's first decision on reconsideration. Norfolk Shipbuilding asserts that the Bridger Coal rule applies only to the filing of the first motion for reconsideration. According to Norfolk Shipbuilding, the BRB's ruling on a motion for

3

reconsideration is final and the subsequent filing of a second or successive motion will not stay the appeal period or preclude judicial review of the underlying BRB decision. In support of this position, Norfolk Shipbuilding cites Midland Coal Co. v. Director, OWCP, 149 F.3d 558 (7th Cir. 1998), and Peabody Coal Co. v. Abner, 118 F.3d 1106 (6th Cir. 1997).

However, Midland Coal and Abner are distinguishable from the present case. In Midland Coal, the Employer filed three requests to reconsider the BRB's original decision, which were each denied, and then attempted to appeal to the circuit court. The Seventh Circuit dismissed the appeal as untimely, finding that the second and third motions did not toll the appeal period. See 149 F.3d at 563-64 (citing 20 C.F.R. §§ 802.403, 802.407). The court concluded that a decision to deny reconsideration is dispositive so long as the agency makes no alteration in the underlying order. See id. (quoting Schneider Nat'l, Inc. v. Interstate Comm. Comm'n, 948 F.2d 338, 344 (7th Cir. 1991)).

In Abner, the Employer filed two motions for reconsideration, both of which were denied by the BRB. The Employer then petitioned the Sixth Circuit. The petition would have been timely if measured from the BRB's denial of the second motion for reconsideration, but not the first. The court dismissed the petition, finding it untimely. The court reasoned that "[t]he time limit would be a joke if parties could continually file new motions, preventing the judgment from becoming final." 118 F.3d at 1108. Therefore, the court held that "[a] successive motion to amend, where the first was not granted, does not toll the appeal period." Id. However, the court also noted that "[a] successive motion directed to the same judgment is ineffectual, but when there is a new judgment--an alteration independently sufficient to restart the time for appeal--there is also a new period in which to file a motion." Id. (quoting Charles v. Daley, 799 F.2d 343 (7th Cir. 1986)).

In this case, neither party filed a second or successive motion for reconsideration. Bright's initial motion was granted, altering the BRB's original decision. Norfolk Shipbuilding then filed its own motion to reconsider the altered decision. That decision was also granted, at least in part. Because this is not a case of a party filing successive, unsuccessful motions in an attempt to prevent the judgment from becoming final and because Norfolk Shipbuilding filed

4

only one motion for reconsideration from an altered decision that had not yet been challenged, we find that Midland Coal and Abner support the conclusion that the appeal from the decision on the first reconsideration motion is interlocutory. Accordingly, we hold that the BRB's first decision on reconsideration was a nonfinal order rendered interlocutory by Norfolk Shipbuilding's timely motion for reconsideration.

Regarding the appeal from the denial of the second motion for reconsideration, Norfolk Shipbuilding contends that the BRB erred by considering the issue of total permanent disability when it was not raised before the ALJ. However, Norfolk Shipbuilding did not raise this waiver claim before the BRB, and as such, we decline to address it. Moreover, we note that Norfolk Shipbuilding was not prejudiced by the BRB's consideration of this issue. In its motion for reconsideration, Norfolk Shipbuilding could have submitted any evidence it possessed regarding suitable alternative employment. In fact, Norfolk Shipbuilding states in its informal brief that it"had a vocational rehabilitation specialist prepare a list of jobs, suitable alternative employment, which Bright was capable of performing." However, Norfolk Shipbuilding offers no reason for its failure to submit this list with its motion for reconsideration.

After careful review of the record on appeal and Norfolk Shipbuilding's remaining contentions, we affirm the merits of Norfolk Shipbuilding's appeal on the reasoning of the Benefits Review Board. See Bright v. Norfolk Shipbuilding, BRB 97-909 (Dec. 16, 1998). Accordingly, we affirm the BRB's decision in No. 99-1037 and dismiss the appeal in No. 98-2577. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 98-2577 - DISMISSED

No. 99-1037 - AFFIRMED

5