**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 15a0530n.06

**Case No. 15-1136**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jul 27, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JOSEPH PEERY and DAWN SHANNON CHAPEL, | ) ) ) | |
| *Petitioners-Appellants*, | ) ) | ON APPEAL FROM THE DECISION AND ORDER OF |
| v. | ) ) | THE UNITED STATES TAX COURT |
| COMMISSIONER OF INTERNAL REVENUE, | ) ) | |
| *Respondent-Appellee*. | ) ) | |
| | ) | O P I N I O N |

BEFORE:     COLE, Chief Judge; GIBBONS and STRANCH, Circuit Judges.

COLE, Chief Judge.   Joseph Peery and Dawn Chapel (collectively the "Taxpayers") appeal a decision of the United States Tax Court in favor of the Commissioner of Internal Revenue ("Commissioner").  The Tax Court held that there was a deficiency in the Taxpayers' jointly filed 2008 tax return, and assessed an accuracy-related penalty against them pursuant to 26 U.S.C. § 6662(a).  The court issued its written opinion on July 29, 2014.  On August 23, 2014, the Taxpayers filed a motion for reconsideration of that opinion pursuant to Tax Court Rule 161, which the court denied on August 28.  The court entered its final decision on October 31, 2014, specifying the amount of the deficiency and penalty.  On November 11, 2014, the Taxpayers filed a second motion for reconsideration pursuant to Rule 161 that was substantially

identical to their first such motion. The court denied that motion on November 13, but the Taxpayers did not file their notice of appeal until February 3, 2015.

In the Commissioner's brief on appeal—to which the Taxpayers did not file a reply—he contends that we have no jurisdiction because the Taxpayers' notice of appeal was late. A taxpayer has 90 days from the entry of a final Tax Court decision to file a notice of appeal. 26 U.S.C. § 7483; Fed. R. App. P. 13(a)(1). Here, the 90-day period following the Tax Court's final decision on October 31, 2014 expired on January 29, 2015, so their February 3 notice of appeal was late. The Taxpayers' November 11, 2014 motion could not extend their time for filing a notice of appeal because it was substantially identical to their previous motion which had been denied on August 28. In fact, the only difference between the two motions was that the second motion changed the date of the decision it asked the court to reconsider, and added a few sentences to one paragraph repeating an argument already made elsewhere in the motion. Successive motions to reconsider or amend a judgment based on the same grounds, where the first motion was denied, do not toll the appeal period. *See Peabody Coal Co. v. Abner*, 118 F.3d 1106, 1108 (6th Cir. 1997). "The reason for such a rule is straightforward: The time limit would be a joke if parties could continually file new motions, preventing the judgment from becoming final." *Id.* (internal quotation marks omitted).

"The failure of appellant to timely file a notice of appeal deprives an appellate court of jurisdiction." *Rhoden v. Campbell*, 153 F.3d 773, 774 (6th Cir. 1998). Because the Taxpayers did not file their notice of appeal by January 29, 2015, it was late. We therefore dismiss the appeal for lack of jurisdiction.